944

Denny Fasih KURNIAWAN, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–71751.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 11, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Emily A. Radford, Esq., Papu Sandhu, Aviva L. Poczter, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM ***

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Denny Fasih Kurniawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

█ We lack jurisdiction to review the BIA's finding that petitioner was ineligible for asylum because his application was not filed within a year of his last arrival to the United States and there was no evidence of extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(3); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review his claim for withholding of removal and protection under CAT. We review for substantial evidence the IJ's findings, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition.

█ The IJ's adverse credibility findings go to petitioner's religion and his ethnicity, both of which provide the basis for his asylum application. Adverse credibility findings that go to the key elements of an asylum application are a proper basis for a denial of the application. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (holding that eligibility for asylum and withholding of removal depends on the credible establishment of the key elements of the asylum application). Therefore, substantial evidence supports the BIA's denial of withholding of removal.

Substantial evidence also supports the IJ's finding that Kurniawan failed to establish that it is more likely than not that he would be tortured if returned to In-

donesia. *See Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir.2003).

█ To the extent that Kurniawan raises a due process claim due to inadequate interpretation services, he fails to show that a better translation would have made a difference in the outcome of the hearing. *See Kotasz v. INS*, 31 F.3d 847, 850 n. 2 (9th Cir.1994).

PETITION FOR REVIEW DISMISSED in part and DENIED in part.